# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANTHONY CHISUM;** AND **WILLIE HUMPRHEY,** INDIVIDUALLY, AND ON BEHALF OF **ALL OTHERS SIMILARLY SITUATED**<br><br>*PLAINTIFFS,*<br><br>v.<br><br>**PEST AUTHORITY OF GEORGIA, LLC** F/K/A **WIDOWMAKER 6, LLC** D/B/A **THE MOSQUITO AUTHORITY OF NORTH ATLANTA,** AND **NICHOLAS CATCHINGS,** INDIVIDUALLY,<br><br>*DEFENDANTS.* | **CIVIL ACTION FILE NO.:**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Come now Plaintiffs, Anthony Chisum and Willie Humphrey (hereinafter "**Plaintiffs**"), individually and on behalf of all other current and former employees similarly situated (hereinafter "**Putative Class**") under the Fair Labor Standards Act of 1938, as amended, by and through their undersigned counsel, bring this collective action against Defendants Pest Authority of Georgia, LLC f/k/a Widowmaker 6, LLC d/b/a The Mosquito Authority of North Atlanta ("**Defendant Mosquito**

**Authority**") and Nicholas Catchings ("**Defendant Catchings**" and collectively, "**Defendants**") and allege as follows:

## INTRODUCTION

This is a putative collective action by Plaintiffs on behalf of themselves and the Putative Class against Defendants, their former and current employer, for unpaid overtime wages pursuant to the Fair Labor Standards Act ("**FLSA**") for performance of non-exempt work for Defendants in excess of forty (40) hours per week. Plaintiffs seek damages and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## JURISDICTION & VENUE

1.

This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 210 *et. seq.* This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.

2.

Venue is appropriate in this Court because all, or substantially all, of the unlawful employment practices alleged in this Complaint occurred in this District. Furthermore, Defendant Mosquito Authority is a limited liability corporation formed under the laws of the State of Georgia and engaged in business in Atlanta, Georgia, and Defendant Catchings is a resident of this District.

3.

Service of process on Defendant Mosquito Authority may be perfected by delivering a copy of the Summons and Complaint to its registered agent, Nicholas Catchings, located at 11940 Alpharetta Highway, Suite 130, Alpharetta, GA, 30009.

4.

Service of process on Defendant Catchings may be perfected by delivering a copy of the Summons and Complaint to Defendant Catchings' place of residence, located at 7424 Avalon Blvd., Alpharetta, GA 30009.

**PARTIES**

5.

Mr. Anthony Chisum ("**Mr. Chisum**") is a Georgia resident and worked for Defendants from April 2016 through November 2017.

6.

Mr. Willie Humphrey ("**Mr. Humphrey**") is a Georgia resident and worked for Defendants from March 2016 through November 2017.

7.

Defendant Mosquito Authority is a limited liability corporation formed and existing under the laws of the State of Georgia, and at all times during Plaintiffs'

employment, Defendant Mosquito Authority was an employer as defined by 29 U.S.C. § 203(d).

8.

Upon information and belief, Defendant Catchings is an owner, officer, member, and/or managing member of Defendant Mosquito Authority, and at all times during Plaintiffs' employment, Defendant Catchings was an employer as defined by 29 U.S.C. § 203(d).

### FACTUAL ALLEGATIONS

9.

Upon information and belief, at all times relevant, Defendant Mosquito Authority was a private employer as defined by 29 U.S.C. § 203(s).

10.

Upon information and belief, at all times relevant, Defendant Catchings was a private employer as defined by 29 U.S.C. § 203(s) and is jointly and severally liable with Defendant Mosquito Authority.

11.

At all times relevant, Defendants have had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for interstate commerce.

12.

Upon information and belief, at all times relevant, Defendant Catchings handled payroll and record keeping for Defendant Mosquito Authority.

13.

Upon information and belief, at all times relevant, Defendant Catchings was actively involved in the day-to-day operations of Defendant Mosquito Authority and acted intentionally and maliciously.

14.

Upon information and belief, Defendants' annual gross revenue as defined by the FLSA has been equal to or in excess of $500,000.

15.

Plaintiffs were each Defendants' "employee" as defined under 29 U.S.C. § 203(e).

16.

Plaintiffs performed non-exempt manual labor for Defendants within the last three (3) years.

17.

Plaintiffs were hired as pest-control technicians for Defendants. Pest-control technicians do not require specialized degrees or courses of instruction, nor did Plaintiffs have specialized degrees.

18.

As pest-control technicians, Plaintiffs and the Putative Class members are employees who apply chemical anti-mosquito and other insecticide spray to customers' property and surrounding curtilage.

19.

As a result, Plaintiffs and the Putative Class members are "blue-collar" workers not subject to any overtime wage exemptions found in 29 U.S.C. §§ 207 and 213.

20.

Plaintiffs regularly worked more than forty hours in one or more weeks during their employment with Defendants.

21.

Plaintiffs were paid on an hourly basis but were not paid the overtime wage differential for their hours worked in excess of forty (40) hours per workweek.

22.

The additional persons who may become Plaintiffs in this action–the Putative Class members–are also non-exempt employees of Defendants who have worked in excess of forty (40) hours per week during one or more weeks and did not receive time-and-one-half of their regular rate of pay for all of the hours they worked over forty (40) in one or more weeks.

23.

Defendants did not pay time-and-one-half of the regular pay rates for all of the overtime hours worked by Plaintiffs and the Putative Class members.

24.

Defendants have failed to meet the requirement for any of the exemptions from application of the overtime compensation requirements under 29 U.S.C. §§ 207 and/or 213.

25.

Defendants knew or should have known that the FLSA overtime wage differential applied to Plaintiffs and the Putative Class members.

26.

The records, if any, concerning the hours worked by Plaintiffs and the Putative Class members, are in the custody of Defendants.

## COUNT ONE
### VIOLATION OF THE FLSA 29 U.S.C. §§ 207, 215 & 216

27.

Paragraphs 1 through 26 are reincorporated by reference as if set forth fully herein verbatim.

28.

Plaintiffs are entitled to be paid time-and-one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per week.

29.

Putative Class members are also owed their overtime rate for the overtime hours they worked and were not properly paid.

30.

Defendants' failure to compensate Plaintiffs and the Putative Class members for their time actually worked in excess of forty (40) hours per week on the basis of time-and-one-half of their regular hourly rate of pay is a violation of 29 U.S.C. §§ 207 and 215.

31.

Defendants knowingly and willingly failed to pay Plaintiff and the Putative Class members time-and-one-half of their regular pay rates for hours worked for Defendants in excess of forty (40) hours per week.

32.

Defendants' violations are intentional and willful as Defendants knew, or should have known, that it was required to pay Plaintiffs and the Putative Class members an overtime wage differential pursuant to the FLSA.

33.

As a direct result of the foregoing, Plaintiffs and the Putative Class members are entitled to liquidated damages of twice the overtime wages owed.

34.

Defendants' willful and bad-faith violation gives rise to a claim for relief pursuant to 29 U.S.C. § 216 for unpaid overtime compensation for Plaintiffs' entire employment with Defendants, liquidated damages, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Anthony Chisum and Willie Humphry, and those Putative Class members who have or will opt-in to this action as party plaintiffs, demand judgment against Defendants, jointly and severally, as follows:

(a) For payment of time-and-one-half their regular rate for all hours worked in excess of forty (40) hours per week;

(b) For liquidated damages equal to twice the overtime wages owed them;

(c) For all costs and reasonable attorneys' fees related to their representation in this dispute;

(d) For prejudgment interest at the legal rate in the State of Georgia; and

(e) For all other relief this Court deems just and fair under the circumstances.

## JURY DEMAND

In this action, Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted this 13th day of September, 2018.

                                        **KAUFMAN & FORMAN, P.C.**

| | |
|---|---|
| *8215 Roswell Road, Building 800* | */s/ Richard J. Tillery* |
| *Atlanta, Georgia 30350-6445* | Robert J. Kaufman |
| *770.390.9200* | Georgia Bar No.: 409197 |
| *rjk@kauflaw.net* | Richard J. Tillery |
| *rjt@kauflaw.net* | Georgia Bar No.: 940452 |
| *jc@kauflaw.net* | Johnathan Chiu |
| *Attorneys for Plaintiffs* | Georgia Bar No.: 529433 |

*I:\WP\CW\9639-001\Pleadings\Humphrey & Chisum Complaint jc edit.docx*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANTHONY CHISUM;** AND **WILLIE HUMPRHEY,** INDIVIDUALLY, AND ON BEHALF OF **ALL OTHERS SIMILARLY SITUATED**<br><br>*PLAINTIFFS,*<br><br>**v.**<br><br>**PEST AUTHORITY OF GEORGIA, LLC** F/K/A WIDOWMAKER 6, LLC D/B/A THE MOSQUITO AUTHORITY OF NORTH ATLANTA, AND **NICHOLAS CATCHINGS,** INDIVIDUALLY,<br><br>*DEFENDANTS.* | CIVIL ACTION FILE NO.:<br><br><br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing Complaint has been prepared using Times New Roman font, 14 point, one of the font and point selections approved by the court in L.R. 5.1.

Respectfully submitted this 13th day of September, 2018.

*8215 Roswell Road, Building 800*  **KAUFMAN & FORMAN, P.C.**
*Atlanta, Georgia 30350*
*770.390.9200*  */s/ Richard J. Tillery*
*rjt@kauflaw.net*  Richard J. Tillery
  Georgia Bar No. 940452